## Sweeny *versus* The Franklin Fire Insurance Company.

21   337
170  193

1. He who has no interest in property cannot insure it so as to entitle him to recover in the event of its loss.

2. One who was a stockholder and creditor of an unincorporated company which erected a house on land belonging to the state of Delaware without license or shadow of title from the state, had no insurable interest in the house, though he claimed by relinquishment and transfer from most of the stockholders to the creditors, and was in possession at the time of his effecting the insurance and of the destruction of the premises.

ERROR to the District Court, *Philadelphia*.

This was an action of covenant by John Sweeny *v.* The Franklin Fire Insurance Company of Philadelphia, upon a policy of insurance. The declaration was in the usual form, and the defendants, among other pleas, pleaded that the plaintiff was not interested in the building insured; that, at the time of the insurance, the plaintiff had represented himself as owner of the said building, in consequence of which, the insurance was effected, when, in reality, he was not owner, &c.; and that the building insured was misdescribed.

On these pleas, issues in fact were duly joined. At the trial, on the 19th February, 1852, it was agreed that any point as to a material misrepresentation or concealment, might be raised under the pleadings as they stood.

The verdict of the jury was rendered in favor of the plaintiff, for $2880, the judge reserving the point whether, upon the whole evidence, the plaintiff had a right to recover.

The action was brought upon a policy of insurance, of 1st July, 1841, by which it was witnessed that "The Franklin Fire Insurance Company of Philadelphia, have received of John Sweeny eighteen dollars premium, for insuring (according to the tenor of their printed Proposals and Conditions, hereunto annexed) upon the property herein described; viz., On a two-story frame building, known and occupied as the Atlantic Hotel, situate on the beach, in front of the town of Lewes, Sussex county, Delaware, agreeably to a further description signed by P. A. Keyser, on file in this office."

There was no statement in the policy, or in the further description filed, in regard to *the title* to the property."

One of the "conditions of insurance" was, "Goods held in trust or on commission are to be insured as such, which may be done by inserting the words 'for account of whom it may concern,' otherwise the policy will not cover such property."

Some time in 1834, a number of persons agreed to form a com-

[Sweeny v. Franklin Fire Insurance Company.]

pany, to be called the Atlantic Hotel Company, for the purpose of erecting a hotel on the beach, near the town of Lewes, Delaware. The company was not incorporated, nor was any evidence given of title to the land, other than by possession. The plaintiff, Sweeny, was one of the stockholders, and was also engaged by the company to *build* the hotel. He built the hotel, doing not only the carpenter work, but the stone work and plastering; but the carpenter work alone, without interest, amounted to more than the sum insured. Most of the stockholders, not being able to pay the plaintiff and other creditors, transferred, in 1838, more than three years before the date of the policy sued on, all their right and title to the creditors.

The plaintiff was the principal creditor, as well as a stockholder. He held possession of the hotel, prior to this transfer, and after it was made he had entire control of it. In 1841, three years after the transfer, he insured the hotel in the office of the defendants, for $1800. The hotel was destroyed by fire on the 14th of December, 1841.

The further description referred to in the policy, is signed by P. A. Keyser, and is dated December 21, 1838.

On the trial, the plaintiff gave in evidence, the policy of insurance, and also the description referred to in the policy produced by defendants.

The deposition of H. F. Rodney was then read, in which the witness testified in substance, "that he was one of the original stockholders of the property; that the plaintiff was the builder of the hotel, and also a stockholder, and that he had never been paid anything by the stockholders. He also testified that, at a meeting of the stockholders, held on the 4th of June, 1838, certain resolutions were adopted, by which the claim of the stockholders to the hotel was relinquished to the creditors; the plaintiff was the principal creditor. The hotel company was not incorporated, the building being erected *upon vacant land belonging to the State.* At the time these resolutions were signed, the plaintiff had possession of the hotel. He had been put in possession by the board of managers, that he might receive the rents and apply them to the credit of his account. After the resolutions were signed, the stockholders never took back the possession, but gave it up to the creditors as a total loss to the stockholders."

The resolutions referred to by the witness, and made part of his deposition, were as follows:

"At a meeting of the stockholders of the Atlantic Hotel, held in Philadelphia, June 4, 1838,

"It was unanimously resolved by those present, that the stockholders do relinquish and assign to the several creditors, all the right and title of the Atlantic Hotel Company in the hotel to the

said creditors, upon their giving a full receipt and acquittal for all debts due them.

"*Resolved,* That the stockholders sign the foregoing resolutions in conjunction with the creditors, and that it shall for ever bind both parties as a final adjustment."

This paper was signed by eighteen persons or firms, including the plaintiff. It was not signed by *William Strickland*, who was one of the original stockholders.

The plaintiff further gave in evidence a commission to Lewes, under which certain witnesses were examined.

West, one of these witnesses, testified that he was a stockholder of the company; that a majority of the stockholders transferred their interest in the said hotel to plaintiff *and others*, and that the plaintiff was in possession at the time and afterwards, and also that William Strickland was a stockholder at the commencement of the building. The witness testified, also, to the destruction of the building by fire. Other witnesses testified as to the destruction of the building by fire, as to the plaintiffs being in possession of the building, and as to the amount of damage,—a statement of which, in writing, was annexed to the commission and read to the jury.

The plaintiff then gave in evidence a measurer's bill of the carpenters' work done by him to the building, dated May 19, 1837, in which the amount at old prices was stated to be $2696.22, and proved that the fair deduction from this bill should be about 35 per cent.

The plaintiff's counsel closed.

The defendants' counsel then moved for a nonsuit, which the judge refused to grant. The defendants, offering no evidence, asked the judge to charge the jury, as set forth in the following points:—

1. Under the evidence in the cause, the plaintiff was not, at the time of the effecting of the insurance, the owner of the property insured, and cannot therefore recover in a suit upon this policy.

3. He cannot recover, even though he had, at the time of the effecting of the insurance, *a partial interest* as owner in the property insured.

5. If the plaintiff, either through ignorance or design, at the time of the effecting of the insurance, concealed the fact of his being but *part owner* of the property insured, this is such a material concealment as vitiates the policy, and will prevent a recovery by him upon it; and an omission by the plaintiff to make any statement upon this subject, at the time of the effecting of the insurance, when, in reality, he was but part owner of the property insured, is such a material concealment as vitiates the policy and will prevent a recovery by him in the present suit.

[Sweeny *v.* Franklin Fire Insurance Company.]

The Court declined to charge as requested, but the jury rendered a verdict for plaintiff for $2880, subject to the reserved question, "whether, upon the whole evidence, the plaintiff was entitled to recover."

Afterwards, on 3d April, 1852, the Court in banc ordered the verdict to be set aside and judgment of *nonsuit* to be entered under the 7th sec. of the Act of 11th March, 1836.

It was assigned for error that the Court erred in setting aside the verdict and ordering judgment of nonsuit.

*McKinley* and *H. M. Phillips*, for plaintiff in error.—It was contended that the plaintiff had an insurable interest in the property insured. He was himself a stockholder, and therefore had an interest, and, with the other stockholders, a title to the land by possession. As against the state of Delaware such title might not avail; but as against third persons it was good, and no question as to it was made at the trial.

He was not only a stockholder, but the other stockholders, above two years before the insurance, had transferred all their right to the creditors, of whom the plaintiff was the principal one. The name of Strickland is not put to the transfer, but, though he was a stockholder at the commencement of the erection of the hotel, there was no evidence that he was so when the transfer was made. The plaintiff was interested as a creditor to more than the amount of the insurance, and was *in possession* before the transfer and afterwards.

Such an interest is insurable. A mere equitable or any qualified property in the thing insured may be protected by insurance: 2 *Peters* 25, Col. Ins. Co. *v.* Lawrence. A tenant by the curtesy can insure in his own name: 2 *B. Munroe* 47. A tenant for years can insure, as his, the building demised: 1 *Sandf. S. C. R.* 551. Also cited 1 *Hall Rep.* 41; 18 *Pick.* 419; 1 *Wend.* 85; 11 *Johns.* 311–2. That he could recover under such a policy, reference was made to 13 *Mass.* 61; 13 *Id.* 267.

A policy may be avoided on the ground of failure of *warranty.* A warranty may be expressed *on the face of the policy,* but there was none in this one: 7 *Wend.* 72.

There was no misrepresentation or concealment of *a material fact.* The *second* of the conditions referred to in the policy refers *to goods,* and not to buildings.

A person desiring insurance is not under obligation to disclose the nature and extent of his interest in the property: 13 *Mass.* 61; *Id.* 267; 8 *Pick.* 86; 10 *Id.* 40; *Id.* 535; 18 *Pick.* 417; the case of a house standing on the ground *of another,* which fact was not disclosed, and held not to be necessary; 12 *Wend.* 507; 16 *Id.* 385; 1 *Sand. Sup. C. R.* 551, that describing the building

[Sweeny v. Franklin Fire Insurance Company.]

as *his* building (*he being a tenant for years*) did not amount to a warranty that he was the owner; and that it was not *a material* misrepresentation.    Reference also made to 1 *Hall* 41.

A misrepresentation or concealment which will affect a policy, must be one material to the risk : 11 *Barb. S. C. Rep.* 633.    Such concealment is for the jury : 6 *Binn.* 224 ; and not to be presumed : 3 *Yeates* 30.

One may insure in his own name the property of another, for the benefit of the owner, without his previous authority, and it will enure to the benefit of the party intended to be affected, upon his adoption of it *even after a loss occurred : 9 Barr* 198 ; 2 *Am. Leading Cases* 480.

*G. W. Biddle,* for defendants.—It was admitted that a partial or qualified interest in property may be insured, but that the nature of the interest must be defined at the time of effecting the insurance, and it should be expressed in the policy : 2 *Peters' Rep.* 25, 46 to 50 ; 10 *Peters* 507, 515–16 ; 16 *Id.* 495, 505.

The plaintiff was not owner of the building, except so far as he was a stockholder.    He was merely a creditor without any lien upon the property.    The Company was not incorporated, and had built upon *vacant land belonging to the state.*    Each stockholder could transfer only his own interest, and the resolutions were not signed by *Strickland,* who, it did not appear, had ever ceased to be a stockholder.

The assignment was not to the plaintiff alone, but to him and the *other creditors,* and there were others.

Though it does not appear that the party called himself absolute owner of the premises when the insurance was effected, the issuing of the policy to him in the ordinary way, is conclusive on this point.    It is not material that the application for insurance should expressly mention the building as belonging to the assured ; an omission to describe the title as it exists at the time, whether proceeding from ignorance or design, is fatal to his claim for damages. That he called himself exclusive owner, is to be inferred from the language of the policy, for a qualified interest should be stated : 16 *East* 141 ; 2 *Cranch* 419 ; 1 *Paine* 594 ; 6 *Humphrey's Rep.* 176 ; 1 *Gillman* 236 ; 2 *Caine* 13.

Most of the cases cited, on the part of plaintiff, are modern New York cases, *some* of them *on marine policies,* and are spoken of disapprovingly in the case of Carpenter *v.* Ins. Co., 16 *Peters* 511.    In the case of Smith *v.* Col. Ins. Co., 5 *Harris* 253, it was decided that, where the interest to be secured was described as a mortgage on land, it was a material fact that the land was subject to *prior* mortgages held by the assured at the date of the policy, and that their existence ought to have been disclosed.

2 F 2

[Sweeny *v.* Franklin Fire Insurance Company.]

The opinion of the Court was delivered, March 21, by

LOWRIE, J.—The rule is valuable and well founded, that, he who has no interest, can have no insurance. That he must show his interest, and that it is the extreme measure of his recovery, are the corollaries of the rule. Without this, insurances would soon become a mere system of gambling. These principles are sufficient to affirm the judgment.

It matters not what contracts or conveyances passed between the plaintiff and the company by which this house was erected. The company had no title to convey to him. So far as the evidence of title goes, it shows that the company entered upon land belonging to the state of Delaware, and erected their house there without any shadow of title or even of license, general or special. They were mere intruders, and if the plaintiff has their whole title, it is a mere intruder's title. This is not such an interest as the law recognises as a sufficient foundation for the contract of insurance.

Judgment affirmed.