# CASES

IN THE

# SUPERIOR COURT

OF

## PENNSYLVANIA.

---

## Yanko *v.* Standard Fire Insurance Company, Appellant.

*Insurance—Fire insurance—Double insurance—Partnership.*

Double insurance takes place when the assured makes two or more insurances on the same subject, the same risk, and the same interest.

Where a partnership consisting of two persons insures its property in one company, and one of the partners insures his individual interest in three other companies, the insurance is not double insurance. The subject, the interest and the risk are not the same.

Argued Nov. 14, 1905. Appeal, No. 28, by defendant, from judgment of C. P. Lancaster Co., Nov. T., 1903, No. 28, on verdict for the plaintiff in case of Israel Yanko and Abram Lewitas, trading as Yanko & Lewitas, v. Standard Fire Insurance Company of Trenton, N. J. Before RICE, P. J., BEAVER, ORLADY, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Assumpsit on a policy of fire insurance. Before HASSLER, J.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was in entering judgment for plaintiff on facts found by the jury in the nature of a special verdict.

*W. U. Hensel,* for appellant.—We contend that partnership property can only be insured as such, whether by the individual members of the firm, or by the firm, as an entirety; and that all the insurance on it must be pro rata: Peoria Marine, etc., Ins. Co. v. Hall, 12 Mich. 202.

Double insurance is, or ought to be wherever there are two separate insurers, liable for the same loss.   The fact that one policy covers more property or wider risks than the other does not prevent the insurance being double on subjects covered by both: Meigs v. Ins. Co., 205 Pa. 378; Sloat v. Royal Ins. Co., 49 Pa. 14; Mussey v. Ins. Co., 14 N. Y. 79; Continental Ins. Co. v. Hulman, 92 Ill. 145; Ins. Co. v. Drake, 2 B. Mon. (Ky.) 47; Home Ins. Co. v. Warehouse Co., 93 U. S. 527; Robbins v. Ins. Co., 16 Blatch. 122.

*John E. Malone,* with him *H. B. Lutz,* for appellee.—If one partner or part owner of property held in common insure in his own name only, the policy will cover his individual interest and no more : Peoria Marine, etc., Insurance Co. v. Hall, 12 Mich. 202; Finney v. Insurance Co., 49 Mass. 348; Pearson v. Lord, 6 Mass. 81.

OPINION BY ORLADY, J., March 12, 1906:

The plaintiffs were partners, Yanko having a two-thirds, and Lewitas a one-third interest in the stock of merchandise and fixtures, and, as partners, they insured the partnership property in the defendant company.   Yanko insured his interest in the same property in three other companies.   While all the policies were in force the property was partially damaged by fire.   An appraisment was entered into by the parties and the undisputed facts are, that the total cash value of the stock and fixtures was $4,090.53, the total loss and damage was $2,037.72.   The partnership policy was for $1,500.   The individual insurance on Yanko's two-thirds interest was as follows : Home Insurance Company, $1,250 ; Teutonia Insurance Company $1,250 ; Fireman's Insurance Company $1,500 ; total, $4,000.   Yanko brought suit against the three named companies in which his individual interest was insured, and recovered against the Home Insurance Co., $229.10, the Teutonia Ins. Co., $229.10 and the Fireman's Ins. Co., $274.92, aggregating $733.12.   In

each of these three suits the only " other insurance " with which these policies prorated, under their terms, was the other two policies insuring his individual interest.

In the $1,500 policy in this suit there is an eighty per cent clause which, the plaintiff concedes, limits his right to recover but $939.31, for which amount the court below entered judgment on the verdict in favor of the plaintiff. In the opinion filed by the trial judge it was held, that no account is to be taken of the insurance of Yanko's individual two-thirds interest in the property, and that the defendant company was not entitled to have the policy in suit prorate the loss with the three other companies. This conclusion was reached in adhering to the decisions in Meigs v. Insurance Co., 205 Pa. 378, in which it is held that, " Double insurance takes place when the assured makes two or more insurances on the same subject, the same risk, and the same interest." In the present action the policy covers, not the individual interest of Yanko, but the interest of the partnership of Yanko and Lewitas. The subject, the risk and the interest are, therefore, not the same. The other policies cover an interest which this one does not. The recovery in the three actions brought on Yanko's individual policies ($733.12) added to the amount of the judgment in this case ($939.31), is $364.79 inside the amount agreed upon ($2,037.72) as the total loss and damage fixed by the appraisement. As stated by Chief Justice MITCHELL in his dissenting opinion in the Meigs case, " it must be admitted frankly that there is some difficulty in the language of the authorities in this state." We are concluded by the decision of the court in that case, and in following it, we affirm the judgment.