# Moving Picture Company of America *v.* Scottish Union and National Insurance Company of Edinburgh, Appellant.

*Real property—Landlord and tenant—Leases of apartments—Destruction of building—Extinguishment of term.*

1. In cases of a demise of an apartment in a building, where no implication arises that by the demise any estate in the land was granted, the whole estate demised is extinguished with the destruction of the building, and the tenant's liability for rent thereupon ceases.

*Insurance—Fire insurance—Insurable interest — Assumpsit — Affidavit of defense—Sufficient averments.*

2. Contracts of insurance are contracts of indemnity; their object is, not to make a positive gain, but to avert a possible loss; there cannot be indemnity without a loss, or a loss without interest, and a policy made without interest is a wager policy, having nothing in common with insurance but name and form.

3. In an action of assumpsit to recover the amount of a fire insurance policy, where it appeared from the statement of claim and affidavit of defense that defendant company had insured plaintiff against loss by fire of the rents of certain described premises; that at and before the execution of the insurance policy plaintiff was subtenant of the first floor of the building referred to in the policy, at a yearly rent of $14,000; that plaintiff had sublet the

premises to a third party, at the same rent with a provision terminating the lease in case of a destruction of the building by fire; and that thereafter the building was destroyed by fire, whereby the interest of plaintiff, and of plaintiff's lessee in the building was terminated, the plaintiff is not entitled to judgment for any amount under the policy.

Argued Jan. 12, 1914. Appeal, No. 119, Jan. T., 1913, by defendant, from judgment of C. P. No. 4, Philadelphia Co., March T., 1912, No. 6060, for want of a sufficient affidavit of defense in case of Moving Picture Company of America v. Scottish Union and National Insurance Company of Edinburg. Before MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Reversed.

Assumpsit on a policy of fire insurance.

Rule for judgment for $2,500, as to which sum the affidavit of defense was alleged to be insufficient. Before WILLSON, P. J.

From the record it appeared that the action was on an insurance policy in the sum of $5,000, issued 21st February, 1911, by the defendant company, insuring the plaintiff company "against all direct loss or damage by fire......to the following described property while located and contained as described herein, and not elsewhere, to wit, On the Rents of the Brick Buildings and Additions, including additions and extensions, situate 926-928 Market Street, Philadelphia, Pennsylvania, rear of Nos. 920-22-24 Market Street." The statement of claim averred that at the time of the execution and delivery of the policy of insurance, prior thereto, and at the time of said fire (13th January, 1912) the plaintiff company leased the first floor of said described premises, which consisted of three floors, under an agreement dated 19th January, 1909, the lease containing the following provision: "Lubin further agrees to and hereby does sublet to the company the first floor of premises Nos. 926-928 Market Street, Philadelphia, for the remainder of the term during which Lubin is in possession

of the said premises, as tenant under lease with Felix Isman, agent, dated April 4, 1907, for the yearly rent or sum of $14,000, payable monthly in advance, in sums of $1,166.66, on the first day of each month, during the said term; rent to begin from July 20th, 1909." The statement further averred that at the time of the execution and delivery of the insurance policy, and prior thereto and from thence during all the years thereinafter set forth, the plaintiff leased the first floor of said premises to the Royal Amusement Company, a corporation, &c., at a rental of $1,166.67 per month, or $14,000 per year, which rental was during all of said times the fair rental value of the said demised premises; that said lease was dated 23d day of July, 1909, and was for a period of ten months, that a provision that either party might determine the same by giving to the other party three months' notice prior to the expiration of the term, but in default of such notice, the lease should continue from year to year; that said lease was so continued at the end of each current term thereof by failure of either party to give notice to determine the same during the times hereinafter set forth; that this lease contained the provision that in the event of the total destruction of the demised premises by fire the rents should cease from the date of such fire and possession of the demised premises should be surrendered by the lessee to the lessor. It was averred further, that in July, 1910, the said premises 926-928 Market street, were purchased by Max and Adolph Berg; that on the 13th January, 1912, the leased premises and the entire building were totally destroyed by fire, and that the rent therein ceased in accordance with the terms of the lease; that while the time necessary to restore the premises to the same tenantable condition as before the fire would have been six months, yet the building laws of the State prevented the restoration of the premises to the same condition as they were in before the fire, and, finally, that since the date of the fire the said Royal Amusement Company, plain-

tiff's lessee, had not paid any rent whatever to plaintiff; that plaintiff had not received since the fire any rent from, the defendant, or any other person for the said premises. The action was to recover a full loss under the policy, to wit, the sum of $5,000 with interest. To the cause of action as thus stated the defendant company filed an affidavit of defense in which it was averred, 1st, that the premises destroyed could have been restored within six months from the date of the fire to the same condition they were in before, notwithstanding any building laws of the State; 2d, that by reason of the fire the plaintiff did not sustain any loss by reason of any conditions or provisions contained in the insurance policy, but that the Royal Amusement Company made no payments of rent for any time after the fire solely because of the condition in its lease releasing it from all liability for payment of rent in the event of the total destruction of the demised premises; 3d, that said Sigmund Lubin (plaintiff's lessor) was a tenant under Felix Isman, agent for the owner under a lease dated April 4, 1907, which demised to Isman the entire premises 924-928 Market street, and which contained the following provision: "In the event of the total destruction by fire, or total destruction by other casualty, the rent shall cease from the date of such fire, or other casualty, and possession of the premises shall be surrendered by the lessee to the lessor"; 4th, that about 19th January, 1912, Max Berg and Adolph Berg, the then owners of the above premises, notified Lubin in writing that under the terms of his lease they had taken possession of the premises, said lease having expired by reason of the fire, and at the same time returned to Lubin the sum of $1,280.83 unearned rent paid by Lubin for a period subsequent to said fire, and that a copy of this notice had at the same time been served upon this plaintiff, and that thereafter the Bergs had exclusive possession of the premises. The affidavit concluded with the statement, that since the time of the fire no liability has existed on part of plain-

tiff to pay rent to Lubin, and no liability has existed on the part of the Royal Amusement Company to make payment of rent to the plaintiff. A rule was taken by the plaintiff for judgment in the sum of $2,500, as to which amount the affidavit was averred to be insufficient, with leave to the plaintiff to proceed for the balance. This rule was made absolute, the court adjudging the affidavit insufficient except so much of it as averred that the burned premises could have been restored within six months, and ordered judgment for so much as represented the alleged loss of rent for a period of six months, with leave to plaintiff to proceed for the balance of its claim. Defendant appealed.

*Error assigned* was the order of the court.

*F. R. Shattuck,* for appellant.

*Morris Wolf,* and *John G. Johnson,* with them *Horace Stern,* for appellee.

OPINION BY MR. JUSTICE STEWART, March 9, 1914:

Assuming the facts to be as set out in the affidavit of defense, it follows, that whatever the subject of this insurance was, whether the premises described in the policy, Nos. 926-928 Market street, Philadelphia, or simply the rent derivable from a portion of the building erected on these two lots, the interest of the plaintiff in the subject continued no longer than the building on the premises remained undestroyed by fire. The plaintiff was a subtenant of the first floor of the building. In turn it sublet to the Royal Amusement Company on precisely the same terms it had acquired the lease. The building was totally destroyed by fire 13th January, 1913, when but six months of the term had expired. Thereafter neither the Royal Amusement Company nor the plaintiff company was under liability to pay further rent; in the one case, that of the Royal Amusement

Company, by reason of an express provision in its lease to that effect; in the other, by virtue of a well established rule of law that in case of a demise of an apartment in a building, where no implication arises that by the demise any estate in the land was granted, the whole estate demised is extinguished with the destruction of the building, and the tenant's liability for rent thereupon ceases. This rule was applied in the case of Paxson & Comfort Co. v. Potter, 30 Pa. Superior Ct. 615, where in an opinion by Judge HENDERSON, in which we fully concur, the reason and authority of the rule are fully discussed. We have then this situation: the plaintiff was without property right in rent after the destruction of the building, for no such rent could have accrued, and it stood clear of all liability to its lessor or others for or on account of any such rent. It necessarily results that the plaintiff company sustained no loss whatever by the destruction of the building. This fact has a far deeper significance than the argument for the appellee would allow. That argument is directed to the overthrow of a proposition which has no place in the discussion of the case. It first assumes a loss by the plaintiff, and then proceeds to demonstrate that under a contract of insurance the insurer cannot escape liability by showing that the insured has from some source other than itself been reimbursed for the loss sustained. That this is a correct statement of the law is not open to dispute; the fallacy is in assuming the one and only thing of importance in the case, viz, the fact of loss. If the facts are as set out in the affidavit of defense, it is impossible to discover any loss resulting to the plaintiff. Plaintiff could have derived no benefit from the continued existence of the building, for in such case it could have received no more from its lessee than it was obliged to pay to its lessor; on the other hand, the destruction of the building imposed no liability whatever. It follows that plaintiff without anything to gain, and with nothing to lose, had no insurable interest, and the policy

sued on was simply a wager contract unenforceable at law. "An insurance amongst us," says YEATES, J., in Prichet v. Insurance Co., 3 Yeates 458, "is a contract of indemnity. Its object is, not to make a positive gain, but to avert a possible loss. A man can never be said to be indemnified against a loss which can never happen to him. There can not be indemnity without a loss, nor a loss without interest. A policy therefore made without interest, is a wager policy, and has nothing in common with insurance, but name and form. 1 Marsh, ·30-97. It is not subservient to the true interest of fair trade and commerce but is pregnant with as much mischief, both public and private, as can proceed from any specie of gaming, which the legislature has hitherto found it necessary to repress. Ib. 98. Every specie of gaming contracts, wherein the insured having no interest, or a colorable one merely, or having a small interest, much over-values it in a valued policy, under cloak of insurance, are reprobated both by our law and usage."

"The rule is valuable and well founded, that, he who has no interest, can have no insurance. That he must show his interest, and that it is the extreme measure of his recovery, are the corollaries of the rule. Without this, insurance would soon become a mere system of gambling." Sweeny v. Insurance Co., 20 Pa. 337.

The judgment in the present case, admitting the facts set out in the affidavit of defense, is not indemnity. It represents a positive gain, not that it is a recovery for loss which had previously been made good from some other source, but because there was no loss that could be insured against. The judgment is accordingly reversed and a procedendo ordered.