Dunsmore, Receiver, *v.* Franklin Fire Insurance Co., Appellant.

Argued December 4, 1929. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*J. Earl Ogle, Jr.,* for appellant.—The policy will not support the judgment: Schroedel v. Ins. Co., 158 Pa. 459; Diffenbaugh v. Ins. Co., 150 Pa. 270; Bateman v. Ins. Co., 189 Pa. 465; Duda v. Ins. Co., 20 Pa. Superior Ct. 244; Livingstone v. Ins. Co., 255 Pa. 1; Goldberg v. Ins. Co., 82 Pa. Superior Ct. 426; Mitchell v. Ins. Co., 51 Pa. 402; Hoffman v. Ins. Co., 274 Pa. 292.

88

*Albert B. Maris,* with him *William A. Schnader* and *Charles S. Evans,* for appellee.—The clause as to unconditional and sole ownership was not a bar to plaintiff's claim: Millville Mut. Fire Ins. Co. v. Wilgus, 88 Pa. 107; Chandler v. Ins. Co., 88 Pa. 223; Imperial Fire Ins. Co. v. Dunham, 117 Pa. 460; Livingstone v. Ins. Co., 255 Pa. 1.

The record of pledgee's suit was not admissible: Swoope v. Ins. Co., 87 Pa. Superior Ct. 349; Millville Mut. F. Ins. Co. v. Wilgus, 88 Pa. 107; Burson v. Fire Assn., 136 Pa. 267.

OPINION BY MR. JUSTICE SIMPSON, January 6, 1930:

Plaintiff, as receiver of the Hastings Coal & Coke Company, hereinafter called company, brought suit on a fire insurance policy issued by defendant to him, insuring him, as receiver, in the sum of $6,000 against loss by the burning of the contents of a certain power house building, in which the personal property was afterwards wholly destroyed by a fire of unknown origin. The personalty had been in possession of plaintiff from the date of his appointment as receiver until the time of the fire, but defendant showed that the company, prior to plaintiff's appointment, had made a bill of sale of it to the Farmers and Merchants Bank of Cherrytree, hereinafter called bank, as a portion of the collateral given for a loan of $10,000, and that the bank had insured part of it for $2,000, in another insurance company, all which facts plaintiff knew. It is further alleged that, though the contents of the power house remained in the possession of the company and of plaintiff, after as well as before the alleged bill of sale, the bank had, at some unstated time and in some unstated way, tagged them for the purpose of showing its ownership. The bank brought suit on the $2,000 policy, recovered a verdict for the full $2,000 with interest, before the trial of the instant case, but no judgment had been entered thereon at the time of the trial. Subsequently it was entered. At the trial

of this case, the court rejected the record of the bank's suit against its insurer, which defendant offered in evidence, ruled that plaintiff had an insurable interest in the contents of the power house, and refused defendant's point for binding instructions. Later, it dismissed defendant's motions for a new trial and for judgment non obstante veredicto, and entered judgment on the verdict of the jury, which was for $5,800 with interest. Defendant appeals and assigns as error these several actions of the court.

It is clear that the bank's interest, as pledgee of the personal property destroyed, and plaintiff's interest, as owner in possession subject to the pledge, are distinct interests, each capable of being insured separately, that the outstanding interest of the pledgee does not reduce plaintiff's title to something "other than unconditional and sole ownership," and hence does not render the policy void because of a stipulation in it that this will result unless that character of ownership exists: Kronk v. Birmingham Fire Ins. Co., 91 Pa. 300; Imperial Fire Ins. Co. v. Dunham, 117 Pa. 460, 476; Elliott v. Ashland Mutual Fire Ins. Co., 117 Pa. 548, 554; Livingstone v. Boston Ins. Co., 255 Pa. 1.

There was no error in rejecting the offer of the record in the bank's suit against its insurer. That there was such insurance and suit was not disputed, but, since the latter had not ripened into a judgment, the record was inadmissible at that time. Nor can we say that the court below abused its discretion in refusing a new trial, though it should have reduced the verdict for the reason now to be pointed out.

In dismissing the several motions which were argued after the trial, the court below recognized the legal position that, as plaintiff's title was subject to the pledge to the bank, he should not be permitted to recover the entire value of all the burnt property, but only that value less the insurance payable to the bank,—an unknown sum when the present case was tried,—since the two in-

surances exceeded the actual amount of the entire loss, and the bank had the prior right by virtue of its bill of sale. It, therefore, made an order, staying "execution ......for a period of ten days......upon any judgment entered upon the verdict, within which time defendant may petition for a stay of execution until the amount of credit to be entered upon this verdict, as the result of the verdict in the [bank's suit against its insurer]...... is ascertained and determined." As that amount was known at the time the order was made, the court should have deducted it from the amount of plaintiff's verdict, without leaving the matter open for future action. Not having done so, we may do it on this appeal: Lukens v. Wharton Avenue Baptist Church, 296 Pa. 1; Whalen v. Smith Fireproof Construction Co., 296 Pa. 10.

It is admitted that plaintiff's verdict was for $5,800 with interest from November 14, 1927, the principal sum, according to the jury's verdict, representing the total value of the destroyed property, and that the bank's verdict and judgment were for $2,000, the face of its policy, with interest. The verdict in the instant case should therefore, be reduced to $3,800, with $268.53 interest from November 14, 1927, to January 18, 1929, the date of the verdict, making a total of $4,068.53, and for that amount, with interest from the last mentioned date, the judgment should be affirmed.

We have not overlooked plaintiff's contention that the jury evidently misunderstood the charge of the trial judge, since it was undisputed that the value of the burnt property exceeded the amount of its verdict. They found that sum, however, following a charge which told them to base their verdict on the total value of the property which was destroyed. Plaintiff did not move for a new trial because of this alleged error, the court below entered judgment on the verdict as rendered, and plaintiff has not appealed therefrom, nor has he appealed from the order entered in disposing of the motion for a new trial, because, as stated in his brief, "he felt it was

a proper and equitable method of adjusting the matter." He and we are, therefore, alike bound by the record on those points.

The verdict is reduced to the sum of $4,068.53, as of the date of its rendition, and as thus reduced the judgment is affirmed.