Insurance Company of North America, Appellant, *v.* Alberstadt et al., Appellant.

Argued November 21, 1955. Before STERN, C. J., STEARNE, JONES, BELL, MUSMANNO and ARNOLD, JJ.

*Robert B. Ely, III* and *Barrett Godwin Tawresey,* with them *Gerald J. Haas* and *Gerber & Galfand,* for plaintiffs, appellants.

*E. C. Shapley Highley,* with him *Spiegel & Highley,* for defendant appellant.

*Samuel Melnick,* with him *Robert B. Ely, III,* and *Gerald J. Haas,* for appellees.

*Samuel Melnick* and *E. C. Shapley Highley* for appellees.

OPINION BY MR. CHIEF JUSTICE HORACE STERN, January 6, 1956:

In this declaratory judgment proceeding [1] we are called upon to determine, in a somewhat unusual factual situation, the obligations of two insurance companies under policies issued by them, and also the respective rights of the parties insured thereby. The facts are as follows:

Rose Alberstadt (hereinafter called Alberstadt) was the owner of premises 2004 St. Albans Street in the City of Philadelphia, and on December 26, 1951, she

---

[1] A declaratory judgment proceeding is permissible in this case by way of analogy to Pa. R. C. P. 2229 and in order to avoid the unsatisfactory situation which would result from the institution of two separate suits as occurred in *Dunsmore, Receiver v. Franklin Fire Insurance Co.,* 299 Pa. 86, 149 A. 163.

obtained from the Empire Mutual Fire Insurance Company of Pennsylvania (hereinafter called Empire Company) a fire insurance policy thereon in the amount of $3,500. On February 2, 1953, her property was sold at sheriff's sale for delinquent taxes to D. Mullen Patterson, (hereinafter called Patterson) for the sum of $2,600. Four days later, on February 6, 1953, Patterson obtained from the Insurance Company of North America (hereinafter called North America Company) a coverage of fire insurance on the premises in the amount of $2,500. On February 28, 1953, a fire occurred which damaged the property to the extent of $3,175. On March 2, 1953, Patterson paid the sheriff the amount of his bid, and on March 11, 1953, the sheriff's deed for the property was acknowledged by the Prothonotary and lodged for record.

While both the Alberstadt and the Patterson policies gave the companies an option to liquidate their obligations thereunder by repairing or rebuilding the property, they lost that right by not asserting it within the time therein stipulated. Alberstadt thereupon demanded the full amount of the loss, $3,175. from Empire Company, and Patterson demanded the full amount of his policy, $2,500. from North America Company. The court below entered such judgments. The companies are willing, by proration between themselves, to pay the amount of the loss, $3,175. to the party or parties entitled thereto, but not to meet the larger joint demands of Alberstadt and Patterson.

By virtue of the Act of May 16, 1923, P. L. 207, §32, Alberstadt had one year from the date of the acknowledgment of the sheriff's deed to redeem her property upon reimbursing Patterson for the $2,600. paid by him and all costs, charges, and expenses, plus interest at the rate of ten per centum per annum thereon. This

right of redemption, not having been exercised by Alberstadt, expired on March 11, 1954.

Since Alberstadt, at the time of the fire, still retained the legal title to the property, she was entitled, under the terms of her policy, to recover from Empire Company the amount of the damage to the property caused by the fire, namely, $3,175.; Empire Company could not take advantage of the fact, as far as its relations, with Alberstadt were concerned, that the equitable title had passed to Patterson, that being a circumstance which affected only the relations between Alberstadt and Patterson: *Insurance Company v. Updegraff,* 21 Pa. 513; *Reed v. Lukens,* 44 Pa. 200; *Dubin Paper Company v. Insurance Company of North America,* 361 Pa. 68, 63 A. 2d 85; *Heidisch v. Globe and Republic Insurance Company of America,* 368 Pa. 602, 84 A. 2d 566; *Vogel v. Northern Assurance Company, Ltd.,* 219 F. 2d 409.

The problem then arises as to the extent to which, if at all, Alberstadt, as between herself and Patterson, is entitled to retain the amount thus recoverable by her. In each of the *Updegraff, Reed v. Lukens, Dubin Paper Company,* and *Vogel* cases above cited the insured entered into an agreement of sale of the property covered by his policy and between the time of the agreement and the time fixed for settlement a loss by fire occurred. As already stated, those cases, as well as the *Heidisch* case in which there was a condemnation of the property by eminent domain, all held that the insured could recover from the insurance company the full amount of the loss, but they also held that upon such recovery he became the trustee for the vendee of the proceeds of the policy, this being on the theory that while, until settlement, he remained the legal owner of the property, the entire beneficial interest had passed to the vendee upon

execution of the agreement of sale. While, therefore, there may be an initial recovery by the vendor, in order to retain any portion of the proceeds as against the vendee he must establish that he has some valuable interest in the insured property beyond the mere ownership of the legal title, and he is not entitled to keep for himself any of the proceeds beyond the extent of that interest: *Sweeny v. The Franklin Fire Insurance Company,* 20 Pa. 337, 342; *Moving Picture Company of America v. Scottish Union and National Insurance Company of Edinburgh,* 244 Pa. 358, 364, 90 A. 642, 644, 645; *Dunsmore, Receiver v. Franklin Fire Insurance Co.,* 299 Pa. 86, 149 A. 163; *Heidisch v. Globe and Republic Insurance Company of America,* 368 Pa. 602, 604, 84 A. 2d 566, 567.

In the present case Alberstadt is, in a sense, a vendor of the property, albeit an involuntary one, the sale having been effected through the medium of the sheriff. But the situation is somewhat different from the ordinary case of vendor and vendee in that there the vendor's interest in the property ceases entirely upon payment of the purchase money and execution of the deed, whereas here Alberstadt retained a right of redemption after the legal title passed to Patterson. Did that right entitle her to retain for herself any portion of the proceeds recoverable from Empire Company? Since she had the right to regain title to the premises for the sum of $2,600 and all costs, charges and expenses, plus ten per centum per annum thereon, she had an interest of value therein to the extent, and only to the extent, that the property may have been worth more than that amount, but the record does not contain any averment as to the value of the property, and, in the absence of such an averment, the amount for which the property was sold by the sheriff at public sale must be

accepted as the prima facie value of the property. Moreover, the value of the right of redemption, depending as it did not only upon a theoretical appraisal but whether or not it would actually be exercised, could not have been ascertained at the time of the fire, but now, on the principle of "certum est quod certum reddi potest," since it appears that the right was not in fact utilized no real value can be ascribed to it. In short, the law will not suffer Alberstadt to retain any portion of the $3,175 merely because of a right of redemption which she did not exercise and thereby enable her to profit by a recovery which represented no loss whatever to her but, instead, one that was really suffered by Patterson as the equitable owner of the property when the fire occurred and subsequently the legal owner thereof.

This brings us to the final problem involved in the case. Since Patterson is entitled to the $3,175 for which Alberstadt must account to him, may he also recover the amount of his own policy, $2,500, from North America Company? The answer to this question must be in the negative. Since fire insurance is only a contract of indemnity and its object is not to permit a gain by the insured but only to compensate him for a loss, it is obvious that he cannot recover insurance in an amount greater than the loss which he sustained. If he himself had had policies in these two insurance companies he could not, of course, have collected from either or both of them more than the amount of the damage occasioned by the fire, and the companies, under the pro rata clauses of their policies would have been entitled to prorate the loss. It is true that, ordinarily, double insurance occurs only when the assured makes two or more insurances on the same subject, the same risk, and the same interest: *Vrabel v. Scholler,* 369 Pa. 235, 243, 85 A. 2d 858, 862; *Yanko v. Standard Fire Insurance*

*Co.,* 31 Pa. Superior Ct. 1; *Swoope v. United States Fire Insurance Company,* 87 Pa. Superior Ct. 349, 352. Here, however, virtually the same situation exists, because if Patterson were allowed recovery of the proceeds of both policies he would likewise be enjoying the fruit of two insurances on the same subject, the same risk, and the same interest, namely his own, and in an amount greater than his actual loss, which, as already stated, the law will not permit. His recovery is limited, therefore, to the sum of $3,175 which will be paid by the insurance companies in the proportion of the amounts of their respective policies of $3,500 and $2,500.

This determination of the rights and obligations of the parties is not only in accord with applicable legal principles but accomplishes a just result [2] in that Patterson will recover the amount of the loss actually sustained by him while Alberstadt will receive nothing because in reality she sustained no loss whatever by the fire; the liability of the two insurance companies will properly be limited to the amount of the damage occasioned by the fire (cf. *Dunsmore, Receiver v. Franklin Fire Insurance Co.,* 299 Pa. 86, 149 A. 163) and they will prorate their respective liabilities therefor in accordance with the terms of their policies.

The order and judgments of the court below are reversed, and the record is remanded with direction to enter a judgment in favor of Alberstadt, Trustee for Patterson, against Empire Company in the sum of $3,175, and an order directing North America Company to pay to Empire Company five-twelfths of that amount. Costs to be divided equally among the appellants.

---

[2] It is the same result that was reached in *Dubin Paper Company v. Insurance Company of North America,* 361 Pa. 68, 63 A. 2d 85, only in that case the terms of the proration were agreed upon by the insurance companies.