394 So.2d 31 (1980)
NATIONAL SECURITY FIRE AND CASUALTY COMPANY
v.
Ruby MILLER.
Civ. 2266.
Court of Civil Appeals of Alabama.
November 26, 1980.
Rehearing Denied December 24, 1980.
*32 Bert S. Nettles and J. Harley McDonald, Jr., Mobile, for appellant.
William H. Sisson and Thomas M. Galloway, Jr., Mobile, for amici curiae Jerry P. Wood and Sandra L. Wood.
HOLMES, Judge.
The Circuit Court of Mobile County found the appellant-insurance company liable for the full amount of an insurance policy. The insurance company appeals and we affirm.
At the outset, we note that the record before this court is not a paragon of clarity. No testimony was taken. There are documents in the record and certain stipulations.
From the record before this court, we discern the following: A policy of insurance covering loss by fire was issued by the insurance company in favor of the insured. This policy written prior to April of 1976 covered a particular dwelling. The dwelling was destroyed by fire. The policy was in force and effect at the time of the loss. This loss occurred in February of 1978.
In April of 1976, an "agreement" was entered into between the insured and Jerry and Sandra Wood. Under this agreement the insured was to convey title to the dwelling to the Woods upon payment of $7,500. The Woods were to pay this purchase price in installments of a minimum of $150 a month for twenty-four months. On the date of the fire the unpaid balance, pursuant to the aforementioned agreement, was $4,200.
The agreement was drafted by the insured and it is not a "work of art." The learned trial judge found it to be an option contract under which the insured retained full equitable and legal interest in the dwelling. In other words, the insured was "the owner of the full insurable interest in and to said property."
Based on this finding, the trial court entered judgment in favor of the insured for $10,000, the value of the insurance policy.
The insurance company appeals, contending the insured is not entitled to recover a sum greater than the value of her insurable interest in the dwelling and that the value of that interest is $4,200. The insurance company specifically argues that the agreement between the Woods and the insured is a contract for the sale and purchase of land rather than an option. Such a contract, it is argued, would vest equitable title in the Woods and would thus decrease the value of the insured's interest in the dwelling to the value of the unpaid balance of the purchase price under the contract, $4,200.
We find the insurance company's arguments to be without merit.
Although we agree with the insurance company and find the agreement to be a contract for the sale and purchase of land that vests equitable title in the Woods, see, Ashurst v. Rosser, 275 Ala. 163, 153 So.2d 240 (1963); McGuire v. Andre, 259 Ala. 109, 65 So.2d 185 (1953), the insurance company in this instance cannot set up that equitable title as a defense to liability on its contract of insurance. Milwaukee Mechanics Ins. Co. v. Maples, 37 Ala.App. 74, 66 So.2d 159 (1953); Couch on Insurance 2d, vol. 5, § 29:100. The insurance company's "duty is to respond to the party with whom they made the contract of insurance." The insurance company's liability in this appeal must be measured by the terms of its contract and not by the terms of an agreement between the insured and a third party. Milwaukee Mechanics Ins. Co. v. Maples, supra. We therefore find the trial judge did not err to reversal in finding the insurance company liable for the full amount of the policy, to wit, $10,000.
We note, however, that the law in this state is that the insured as vendor of the dwelling will hold any insurance proceeds exceeding their interest (in this instance such interest would appear to be $4,200) in trust for the benefit of the Woods. Alabama Farm Bureau Mutual Ins. Serv. v. Nixon, 268 Ala. 271, 105 So.2d 643 (1958); Couch on Insurance 2d § 29:99.
An insured who enters into an agreement of sale of property covered by a fire policy and between the time of the agreement and the time fixed for settlement, a *33 loss by fire occurs, can recover from the insurer the full amount of the loss, but upon such recovery becomes a trustee for the vendee of the proceeds of the policy on the theory that while, until settlement, the vendor remains the legal owner of the property, the entire beneficial interest passes to vendee upon execution of the agreement of sale, and in order to retain any portion of the proceeds as against the vendee, the vendor must establish that he has some valuable interest in the insured property beyond the mere ownership of legal title. Insurance Co. of N. Am. v. Alberstadt, 383 Pa. 556, 119 A.2d 83.
Couch, supra, n. 5, at 383.
We also note that when commenced, this action involved a complaint by the Woods against the insured and the insurance company, a counterclaim by the insured against the Woods, and a cross claim by the insured against the insurance company. The complaint and the counterclaim were settled. As a part of the settlement the Woods and the insured agreed that any funds recovered by the insured from the insurance company would be divided between them. Therefore, it would appear the parties in effect proceeded as the law dictates.
The trial court did not err in finding the insurance company to be fully liable on its insurance policy.
This case is due to be and is hereby affirmed.
AFFIRMED.
WRIGHT, P. J., and BRADLEY, J., concur.