## COMMERCIAL CASUALTY INS CO v KNUTSEN MOTOR TRUCKING CO

Ohio Appeals, 8th Dist, Cuyahoga Co
No 10685. Decided May 5, 1930

E. A. Binyon, Cleveland, for Casualty Co.

Klein, Harris & Diehm, Cleveland for Trucking Co.

**VICKERY, PJ.**

The errors alleged are: First, that the Knutsen Company had concurrent insurance with the Travelers Insurance Company and that by virtue of a contract between them that it was to look to each company for the amount in proportion to the insurance of each company, to the judgment that was rendered against it, and that the Travelers Insurance Company was liable to it, if anybody was, for the amount sued for in this action, and that the Knutsen Company had no right or claim against the Commercial Casualty Insurance Company and that the judgment, therefore, rendered in the Common Pleas Court was wrong and should be reversed.

Now it is admitted in this record that the truck that caused the injury to Steiner was especially and particularly insured by name in the Commercial Casualty Company's policy: but it is claimed by the Commercial Casualty Insurance Company that the policy of the Travelers likewise, by a blanket clause, covered all the trucks that were used by Knutsen Company and, therefore, it was liable likewise and the Knutsen Company should have pursued its remedy against the Travelers for the balance.

There is a grave question whether the Travelers Insurance Company, besides Knutsen's Cleveland property, covered anything more than emergency trucks, that is, trucks that were used temporarily to take care of added or emergency business demands by the Knutsen Company; and covered the **emergency** trucks and automobiles only. It is admitted that the truck that caused the injury was specifically insured in the Commercial Casualty Company's policy and that it was **regularly** used. It belonged to a man by the name of Benson of Canton, Ohio, at the time of this accident and the policy covered that particular truck which was used regularly by Knutsen through Benson. Benson was employed regularly by Knutsen and the policy in question contained this particular truck and named Benson so as to insure it particularly.

The claim made by the plaintiff in error is that it was not liable because the policy of the Travelers Insurance Company had insured this same truck. There was one possible theory of the lawsuit which escaped the attention of both sides. Let us assume, for the sake of argument, that the Traveler's policy did cover this truck. Then we have the relationship of the Commercial Casualty Company and the Travelers Insurance Company as being co-sureties to cover the same obligation, or the same loss that might occur.

Now it is well settled law that where two or more parties become liable for the same obligation, even though on separate papers in separate contracts, as between themselves they are co-sureties, and the person who has the right to enforce the obligation may enforce it in its entirety against either of the co-sureties and recover a judgment against either surety and issue an execution and collect the whole amount from that one. If he fails to get his entire amount or cannot collect any part of it on account of the insolvency of the co-surety or for any other reason, he may then sue the other and collect the full judgment, notwithstanding the judgment against the other; but a satisfaction or payment by either surety discharges the obligation so far as the creditor is concerned; but that creates a relation between the two co-sureties, so that the one who paid could sue and recover contribution from his co-surety or co-sureties, even if, as already stated, the contract arose on separate obligations, or rather in separate contracts or separate writings.

I think there can be no question under the law of suretyship that where the same obligation is protected by two companies in separate papers, that each or both are liable and they may be sued and, perhaps, must be sued separately, and a judgment against one does not bar the right to a judgment against the other; but a satisfaction against one does bar the right of action against the other; and in the case of satisfaction by either, the one that paid has a right to contribution against his fellow co-surety.

Now if the theory of the plaintiff in error is right, that the Travelers Insurance Company is liable for this obligation, we think in that view of the case the plaintiff had

the right to pursue his remedy in its entirety against the Commercial Casualty Company, and if the Commercial Casualty Company paid it, it would have a right to contribution against the Travelers. If, on the other hand, the Traveler's policy does not cover this truck, if this was not an emergency truck and the Travelers only purpose was to cover trucks that were called in emergencies, then, of course, the Travelers would not be responsible, inasmuch as this accident was not caused by an emergency truck.

So, however one looks at the case, we cannot see but that the Commercial Casualty Insurance Company was liable, inasmuch as the maximum of its policy was greater than the judgment rendered against the Knutsen Company and the Knutsen Company having paid as it was compelled to under the circumstances, it can recover against the Commercial Casualty Insurance Co. for the full amount of its loss, it being less than the amount covered in the policy. And so we can come to no other conclusion but that the Court of Common Pleas reached a right conclusion, and that the judgment was properly rendered, and that there is no error that would warrant us in disturbing the verdict and the judgment thereon, and it will, therefore, be affirmed.

Sullivan and Levine, JJ, concur.