**Charles CARIDEO, Jr., Assignee,**

v.

**The PHOENIX ASSURANCE COMPANY OF NEW YORK et al., Appellant.**

**No. 19381.**

United States Court of Appeals,
Third Circuit.

Argued Oct. 5, 1971.

Decided Nov. 4, 1971.

James B. Doak, LaBrum & Doak, Philadelphia, Pa., for appellant.

James F. Young, Krusen, Evans & Byrne, Philadelphia, Pa. (Raymond T. Letulle, John C. Detweiler, Philadelphia, Pa., on the brief), for appellee.

Before McLAUGHLIN, GANEY and ADAMS, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM:

In 1966 Charles Carideo, Sr., now deceased, was having a yacht built for him by Broward Marine, Inc., at Fort Lauderdale, Florida. He was paying for it as the work advanced. On October 25, 1966 he had paid Broward $49,000. There was insurance by The Phoenix Company on the yacht covering Carideo and Broward as their interest appeared which coverage included protection from loss by fire. On October 25th, 1966 when the yacht was substantially completed, subject to tests as to proper construction, etc., Mr. Carideo spoke by telephone to Mr. Zinman, his insurance broker, requesting insurance on the yacht of about $60,000. Zinman made a note of the date, of what was required and what was to be requested of the Federal Insurance Company, the proposed insurer. Zinman's memorandum also named "Steve Voorhees" an underwriter for Chubb and Son, the Federal Insurance agent, as the person to contact. Later the same day Miss Whitehall, an employee of Mr. Zinman's firm, at his direction requested Mr. Voorhees, handling the new insurance for Chubb and Son the Federal Insurance Company agent, to "Please bind pending details" in the sum of $60,000. Mr. Voorhees was given a copy of that request. Mr. Voorhees himself made a memorandum of the talk stating that Mr. Zinman had called and requested a binder for $60,000 on the yacht in question. Mr. Voorhees stated in his memorandum "eff" (effective) Oct. 25, 1966 and that it was "O.K." Miss Whitehall made a handwritten note on the Zinman copy of the confirming memorandum which was in evidence and reads "Spoke to Voorhees—O.K.—he will bind."

Thereafter, on November 3, 1966, Mr. Carideo, Sr., was given his Admeasurement Certificate by the United States Treasury, Bureau of Customs, identifying him as owner, master or agent of the yacht. That certificate was duly filed. Following that, on November 16, 1966, Mr. Carideo filed various ownership documents with the Bureau of Customs, Philadelphia, Pa., all of which attested his ownership of the yacht. Two days later there was a bad fire at the yacht builders marina, Fort Lauderdale, which among other damage destroyed the Carideo yacht.[1]

The Phoenix Assurance Company has paid its full coverage to the Carideo interests and to Broward. That payment was made subject to the continuance of the present action by Phoenix in order

---

1. By the time this case was started Mr. Carideo, Sr., had died. His son, Charles, Jr., the plaintiff herein, is the surviving executor of his father's estate and assignee of the claims of the beneficiaries of that estate against the Phoenix and Federal Insurance Companies.

to determine whether there was insurance coverage from fire by both Phoenix and Federal on the Carideo yacht at the time it was destroyed by fire.

In a strong opinion, Judge Troutman in the district court found that the transaction by Mr. Zinman and his assistant for Mr. Carideo with Mr. Voorhees resulted in a valid insurance binder by Federal Insurance Company upon the Carideo yacht which made for double fire coverage of same. The record of the binder contract was that of an ordinary binder agreement which was complete in itself and did in fact produce double coverage of the yacht risk. See Rossi v. Firemen's Insurance Co., 310 Pa. 242, 253, 165 A. 16 (1932), Harris v. Meyers, 160 Pa.Super. 607, 612–615, 52 A.2d 375 (1947). See also 40 P.S. § 636(5) (d). We hold that record is plenary evidence of the binder contract. As above noted Mr. Carideo, Sr., had died prior to this suit. The oral testimony of Messrs. Zinman and Voorhees is pointed to on behalf of appellant as varying from the unmistakable language of the agreement itself. Actually Mr. Zinman's credibility was seriously questioned when he claimed to have understood that Mr. Carideo wanted Federal's policy to follow after the Phoenix coverage was concluded. A letter from Mr. Zinman to the Carideo attorney was read into the record and indicated that Mr. Carideo desired the Federal policy to be effective when he took title to the yacht.

Certainly the trial court did not err as a matter of law nor were its findings and conclusions clearly erroneous. Regarding the amount of the award allowed, the Federal Company insurance was for the Carideo benefit. Mr. Carideo had invested $49,000 in the yacht. We find that one half of that amount, with interest from October 25, 1966 to whatever date Phoenix paid the Carideo claim fairly and properly takes care of Federal's binder coverage. There was evidence introduced by Federal that the premium on its binder would have been at least $1,023.60. That amount should be and will be deducted from the Carideo award.

The judgment of the district court will be modified to the sum of $23,476.40 plus interest as allowed. As modified the judgment of the district court will be affirmed.