United National Insurance Company, Appellant,
*v.* Philadelphia Gas Works.

162

Argued December 6, 1971. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Richard S. March,* with him *Galfand, Berger, Senesky & Lurie,* for appellant.

*Henry J. Donner,* with him *Dilworth, Paxson, Kalish, Levy & Coleman,* for appellee.

OPINION BY CERCONE, J., March 24, 1972:

In this action of assumpsit, appellant, United National Insurance Company, hereinafter referred to as "United", seeks to recover a sum of money, from its insured, the appellee, Philadelphia Gas Works, which United paid to four claimants for injuries sustained in an automobile accident caused by the negligent opera-

tion of a motor vehicle rented by the Philadelphia Gas Works and driven by one of its agents. The automobile was rented from Discount Rent-A-Car Company, hereinafter referred to as "Discount", and subject to United's insurance policy, which provided, inter alia, as follows: "Other insurance: The insurance under this policy shall be excess insurance over any other valid and collectible insurance available to the insured, either as an insured under another policy or otherwise."

United contends that Philadelphia Gas Works had other valid and collectible insurance either as an insured or "otherwise" at the time of the accident by reason of a certificate of self-insurance issued to it by the Secretary of Revenue of the Commonwealth of Pennsylvania pursuant to Article XIV of The Pennsylvania Vehicle Code, entitled, "Motor Vehicle Safety Responsibility Provisions", 75 P.S. §§1401, 1434. United alleges that under the certificate of self-insurance Philadelphia Gas Works assured the Secretary of Revenue that it could pay all damages arising out of an accident for which it was responsible, and thus, under its policy United is only obliged to pay damages in excess of Philadelphia Gas Works' liability. United therefore concludes that since there is no stated limit in the certificate, United has no excess liability.

Philadelphia Gas Works, on the other hand, contends that the certificate of self-insurance is not an insurance policy or "otherwise" as contemplated in United's policy, and, that even if it were to be so considered, the certificate does not apply to the automobile rented by it, but pertains only to motor vehicles owned by it and registered in its name.

Cross-motions for summary judgment on the pleadings were filed and the lower court granted the motion of Philadelphia Gas Works and denied that of United, thus this appeal by United.

The two questions to be determined here are:

1. Is a certificate of self-insurance, issued by the Secretary of Revenue, an insurance policy, and

2. If it is, does it cover an automobile rented by Philadelphia Gas Works?

We are of the opinion that the certificate is not an insurance policy. The general object or purpose of an insurance policy is to afford indemnity or security, *Commonwealth v. Federal Land Value Assurance Co.*, 312 Pa. 425 (1933). Under the certificate the holder pays for damages out of his assets and is not indemnified against this loss by an insurance company.

The purpose of a certificate of self-insurance is the protection of the public against an owner of vehicles, and it is not one of the requirements of said certificate that such owner or his driver procure indemnity against ultimate personal responsibility. Although the case of *Farm Bureau Mutual Automobile Insurance Company v. Violano*, 123 F. 2d 692 (C.A. 2d Cir. 1941), cert. denied, 316 U.S. 672, 62 S. Ct. 1043, 86 L. Ed. 1747 (1942), is not exactly on point, the nature of a certificate of self-insurance, however, is discussed, and it was held in that case that a certificate of self-insurance was not an insurance policy on the reasoning that the state of Vermont was not interested in the indemnity of a certificate holder, but solely in the protection of the public based upon the certificate holder's ability to pay for damages. Our Pennsylvania Motor Vehicle Safety Responsibility Act sets forth language which indicates that a certificate of self-insurance is not regarded as an insurance policy. Section 1404 (c) (1), (2), (3), (4); Section 1404 (d).

Granting, arguendo, that a certificate is in the nature of an insurance policy we are of the opinion that it does not apply to the car which Philadelphia Gas Works rented and which was involved in the accident.

Section 1434 of the Motor Vehicle Safety Responsibility Act of 1959, 75 P.S. 1434, qualifies any person *in whose name* more than twenty-five motor vehicles *are registered* as a self-insurer by obtaining a certificate of self-insurance from the Secretary of Revenue upon satisfaction by the Secretary that such person has the ability to pay judgments obtained against him. This provision can only mean that such person must show financial responsibility with respect to damages incurred by the negligent operation of vehicles owned by him and registered in his name.

Appellant argues that Philadelphia Gas Works' registration as a self-insurer constitutes a blanket policy on all vehicles operated by the Philadelphia Gas Works or its employees or agents. However, as stated in the case of *Blue Anchor Overall Co. v. Pennsylvania Lumbermens Mutual Insurance Company*, 385 Pa. 394, 398 (1956), the authorities are legion "that other or double insurance exists only where there are two or more insurance policies covering the same interest, the same subject matter and against the same risk. Since United's insurance policy is the only one which protects against the risk of loss due to leakage from fire protection equipment, it would seem clear that plaintiff's other fire insurance policies, being for a different risk, would not constitute other insurance." Similarly in the case before us, since the certificate covers only vehicles owned and registered in the name of Philadelphia Gas Works and does not cover rented cars, and since United's policy is the only one covering the rented car, it would appear that the certificate does not constitute other valid and collectible insurance as discussed in the *Blue Anchor Overall Company* case, supra. Since the certificate of self-insurance held by the Philadelphia Gas Works, granting that it is insurance, can only, at best, be considered a blanket policy, and

since, Pennsylvania rejects the rule that such a policy constitutes double insurance unless the elements discussed above are present, prorating is not allowed and the specific policy must pay its entire loss up to its amount while the blanket policy gives only residual protection. *Blue Anchor Overall Co. v. Pennsylvania Lumbermens Mutual Insurance Company*, 385 Pa. 394, 400 (1956), *Meigs v. Insurance Company of North America*, 205 Pa. 378 (1903). Consequently, it is only United that is responsible for payment of damages arising out of the use of the rented car.

The term "otherwise" in United's policy does not give any support to United's position since it cannot possibly provide the same necessary elements of interest, subject matter and risk to the certificate of self-insurance in order to give it the same coverage as does United's policy. Furthermore, the doctrine of ejusdem generis is applicable to the term "otherwise" in the context in which it appears with the words, "other valid and collectible insurance", 28 C.J.S. Ejusdem. In addition, it is well established that an insurance policy will be construed most strongly against the insurer who has prepared it, in this case United, *MacDonald v. Metropolitan Life Insurance Company*, 304 Pa. 213; and any other doubt of ambiguity or susceptibility of interpretation will be resolved in favor of the insured: *Beley v. Pennsylvania Mutual Life Insurance Company*, 373 Pa. 231; *Howley v. Scranton Life Insurance Company*, 357 Pa. 243.

United argues that indemnity is not a necessary element of insurance and that insurance can exist without indemnity and seeks to support this theory by citing *Commonwealth ex rel. Schnader v. Fidelity Land Value Assurance Co.*, 312 Pa. 425 (1933). However, in the *Schnader* case there was insurance in the usual concept of indemnity since the land company in that

case safeguarded purchasers of property from the land company against loss. United's other examples are too vague to support its theory of insurance without indemnity. United misunderstands the significance of the certificate of self-insurance when it says that Philadelphia Gas Works would say it was insured if the drivers' licenses of its employees were suspended upon failure to post security under the Motor Vehicle Safety Responsibility Act. The certificate makes it unnecessary for a holder to show proof of insurance. The certificate is sufficient to protect the drivers' licenses of the employees of the certificate holder. The same reasoning applies to the holder of a policy which contains uninsured motorist protection.

The judgment of the court below is affirmed.