## RELIANCE INSURANCE COMPANY

v.

## ALLSTATE INDEMNITY COMPANY.

Civ. A. No. 80–3077.

United States District Court,
E. D. Pennsylvania.

May 15, 1981.

Ronald B. Hamilton, Cozen, Begier & O'Connor, Philadelphia, Pa., for plaintiff.

Robert P. Corbin, Thomas E. Butler, Philip A. Ryan, German, Gallagher & Murtagh, Philadelphia, Pa., for defendant.

## MEMORANDUM

GILES, District Judge.

A house subject to an agreement of sale was damaged by fire after the contract was formed, but before the closing. Seller's insurer, Reliance Insurance Company, sued buyer's insurer, Allstate Indemnity Company.[1] The parties have filed cross-motions for summary judgment. For the following reasons, judgment will be granted in favor of the defendant, buyer's insurer.

For purposes of these motions, the parties have stipulated to the relevant facts. The material facts are simple. A contract to sell realty was formed. Buyer and seller agreed that the "risk of fire ... coverage shall remain on the seller." Subsequent to the agreement, both buyer and seller bought fire insurance covering the house. Seller's insurance contains a mandated standard clause ("pro rata clause") limiting the insurer's liability to a pro rata share of all insurance covering the property.[2] The house burnt. Seller presented a claim in excess of coverage to its insurer. After buyer's insurer refused to participate in payment of the claim, seller's insurer paid the limit of liability to seller. The realty sale has never been closed.

Because "there is no issue as to any material fact," the question I must answer is whether either party "is entitled to a judgment as a matter of law." Fed.R.Civ.Pro. 56(c). Seller's insurer's legal theory is that the pro rata clause requires buyer's insurer to participate in the settlement.

■ By virtue of Pa.Stat.Ann. tit. 40, § 636(2) (lines 86–89), property insurers are required to incorporate in their contracts a long-established principle of insurance law; in the event of "double coverage," insurers must share in the loss pro rata. *E. g., Thurston v. Koch*, 23 Fed.Cas. 1183, 1185, 4 Dall. 348 (C.C.D.Pa.1800);[3] *Carideo v. Phoenix Assurance Co.*, 317 F.Supp. 607, 611 (E.D.Pa.1970), *aff'd in relevant part*, 450 F.2d 779, 781 (3d Cir. 1971); *Godin v. London Assurance Co.*, 97 Eng.Rep. 419, 420 (K.B.1758) (Mansfield, L.J.). As a matter of common sense and common law, this principle is intended to preclude the insured from recovering "doubly for the same loss," *e. g., Thurston*, 23 Fed.Cas. at 1185, and to provide a certain method of apportionment for excess coverage.

■ Equally well established is the common-sense principle that double coverage exists only when the insurance covers the same property, risk, and interest. *E. g., Newark Fire Ins. Co. v. Turk*, 6 F.2d 533, 535 (3d Cir. 1925); *Peters v. Delaware Insurance Co.*, 5 Serg. & Rawl. 473, 485 (Pa. 1820) (Duncan, J.); *Godin*, 97 Eng.Rep. at 421–22; 4 U.S. (4 Dall.) *348, *348 n.2 (Brightly 3d ed. 1882) (Brightly's note). For instance, because the interests are different, no double coverage exists when the insured are: property owner and judgment creditor, *Swoope v. United States Fire Insurance Co.*, 87 Pa.Super.Ct. 349, 354

---

1. The action was brought under the Declaratory Judgment Act, 28 U.S.C. § 2201.

2. The clause, required by Pa.Stat.Ann. tit. 40, § 636(2) (lines 86–89) (Purdon 1971) *reads:* "This Company shall not be liable for a greater proportion of any loss than the amount hereby insured shall bear to the whole insurance covering the property against the peril involved, whether collectible or not."

3. *Federal Cases* incorrectly lists the date of decision as 1805. The original report of the case lists the date as 1800. 4 U.S. (4 Dall.) 348.

(1926); partner and partnership, *Yanko v. Standard Fire Insurance Co.*, 31 Pa.Super. Ct. 1, 3 (1906); or property owner and mortgage lender, *Newark Fire Ins. Co. v. Turk*, 6 F.2d 533 (3d Cir. 1925). As seller's insurer itself correctly points out (in connection with buyer's insurer's other-insurance argument) prior to passing of title, buyer and seller have separately insurable interests. *See, e. g., id.; Vogel v. Northern Assurance Co.*, 219 F.2d 409, 411–13 (3d Cir. 1955); Plaintiff's Supplemental Memorandum, at 2–3. Thus, neither statute nor double-coverage clause requires buyer's insurer to contribute to seller's loss.

Because these parties present no other ripe issue, I need not reach buyer's insurer's arguments, and I must grant summary judgment in its favor.

An appropriate order follows.