392 Pa. Superior Ct. 363 (1990)
572 A.2d 1275
MUTUAL BENEFIT INSURANCE COMPANY
v.
GOSCHENHOPPEN MUTUAL INSURANCE COMPANY, Appellant.
Supreme Court of Pennsylvania.
Argued November 28, 1989.
Filed April 10, 1990.
*365 Carey B. Fleisher, Red Hill, for appellant.
Scott E. Lash, Wyomissing, for appellee.
Before CAVANAUGH, BECK and BROSKY, JJ.
BECK, Judge.
The issue is whether the seller's property insurer may recover a pro rata contribution from the buyer's property insurer where the insured real estate was damaged by fire after the signing of the agreement of sale but prior to settlement and where the agreement places the risk of loss *366 on the seller. We find that the seller's insurer is entitled to recover and affirm.
Buyer's insurer, Goschenhoppen Mutual Insurance Company, ("Goschenhoppen"), appeals from a grant of summary judgment in favor of seller's insurer, appellee Mutual Benefit Insurance Company ("Mutual Benefit"). The facts of this case are not in dispute. Emma Stepsie ("Seller") and Neil R. Herne & Associates ("Buyer") entered into an agreement for the purchase of improved real estate. The agreement of sale placed the risk of fire loss for the period of time between execution of the agreement of sale and closing on the Seller. The Seller carried a fire insurance policy with Mutual Benefit on the property in the amount of sixty-five thousand dollars ($65,000). The Buyer, although not obligated to do so under the agreement of sale, procured an insurance policy from Goschenhoppen covering the property for fire loss in the amount of seventy thousand dollars ($70,000). Both insurance policies contain a statutorily prescribed proration clause, requiring that when other insurance covers the risk of fire loss on the property, the insurer will pay only the proportion of the loss the policy bears to the entire insurance covering the property. The statute provides:
.....
2. Except as provided elsewhere in this section, no insurance company, association or exchange shall issue a policy affording fire insurance, as defined in this section, on property in the Commonwealth, unless such policy contains the following provisions as to such insurance:
.....
Pro rata liability. This company shall not be liable for a greater proportion of any loss than the amount hereby insured shall bear to the whole insurance covering the property against the peril involved, whether collectible or not.
40 Pa.Stat.Ann. § 636 (Purdon 1971).
The property was damaged by fire, causing a loss of forty-five thousand dollars ($45,000). A dispute between *367 the parties to the agreement of sale ensued. The Buyer filed an action in the court of common pleas seeking specific performance under the agreement. Seller's insurer, Mutual Benefit, was named a co-defendant in the case, and it paid the entire amount of the loss into court, pending a decision. The matter settled upon the following terms. Seller retained title to the property and received approximately twenty-eight thousand five hundred dollars ($28,500); Buyer received sixteen thousand nine hundred dollars ($16,900).
Prior to settlement, Mutual Benefit filed the instant action seeking to recover a pro rata share of the loss from Goschenhoppen. Both parties filed motions for summary judgment. The trial court granted summary judgment in favor of Mutual Benefit in the amount of approximately twenty-three thousand five hundred dollars ($23,500), and denied Goschenhoppen's motion for summary judgment. Goschenhoppen appeals.
A motion for summary judgment is properly granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Pa.R.Civ.P. 1035. In reviewing a motion for summary judgment, the appellate court examines the record in the light most favorable to the non-moving party, and will not disturb the trial court's grant of summary judgment absent an error of law or a manifest abuse of discretion. Young v. Eastern Engineering and Elevator Company, Inc., 381 Pa.Super. 428, 431-34, 554 A.2d 77, 78-79 (1989).
The parties agree that there is no issue of fact to be tried, but disagree as to the trial court's application of the law. Goschenhoppen contends that the trial court erred for two reasons. First, it argues, Buyer and Seller possess different interests under the agreement of sale. Thus, Goschenhoppen argues that since the parties insured different interests, the statutorily mandated proration clauses in the insurance contracts do not apply. Second, Goschenhoppen *368 urges that the agreement of sale placed the risk of loss on the Seller, making Mutual Benefit responsible for the entire loss. We reject both arguments and affirm the grant of summary judgment.
We consider first whether the proration clauses contained in both insurance policies are applicable in these circumstances. Proration is required only when there are two or more insurance policies covering the same interest, subject matter, and risk. United National Insurance Company v. Philadelphia Gas Works, 221 Pa.Super. 161, 165, 289 A.2d 179, 181 (1972); Insurance Company of North America v. Alberstadt, 383 Pa. 556, 561, 119 A.2d 83, 86, (1956). There is no dispute that the two fire insurance policies here in issue cover the same subject matter and protect against the same risk. This dispute concerns whether the policies cover the same interest.
It is well settled that a fire insurance policy is a personal contract of indemnity and is on the insured's interest in the property, not the property itself. Christ Gospel Temple v. Liberty Mutual Insurance Company, 273 Pa.Super. 302, 306-9, 417 A.2d 660, 662-3 (1979), cert. denied, 449 U.S. 955, 101 S.Ct. 362, 66 L.Ed.2d 220 (1980). Goschenhoppen argues that a buyer and seller possess different property interests under an agreement of sale. Until the deed is transferred, a seller retains legal title as trustee for a buyer and as security for the balance of the purchase price. A buyer holds equitable title to the property. When the agreement of sale is silent as to which party assumes the risk of loss prior to closing, the common law places this risk on the buyer. If a seller has insurance on the property, the seller can collect the proceeds of the policy, but holds them in trust for the buyer, who is compelled to perform under the agreement of sale. Partrick & Wilkins Co. v. Reliance Ins. Co., 500 Pa. 399, 403, 456 A.2d 1348, 1351 (1983); Zitzelberger v. Salvatore, 312 Pa.Super. 402, 405, 458 A.2d 1021, 1023 (1983); Yannopoulos v. Sophos, 243 Pa.Super. 454, 460, 365 A.2d 1312, 1315 (1976). Thus, even though a seller retains only legal title, *369 he or she can insure the entire property, and can recover the value of the entire loss for the benefit of the buyer. The Pennsylvania Supreme Court has said "[a]n insurance upon a house, effected by the vendor, is a prima facie insurance upon the whole legal and equitable estate," and not upon what a seller actually possesses, a security interest in the balance of the purchase-money. Dubin Paper Co. v. Insurance Company of North America, 361 Pa. 68, 78, 63 A.2d 85, 90 (1949) (quoting Insurance Company v. Updegraf, 21 Pa. 513, 520 (1853)). The Dubin court stated:
. . . as between the insured and the insurance companies the insured remains the owner of the property until the sale is completed, but as between the vendor and the vendee the vendor holds only legal title and if he receives the proceeds of the insurance policy on his property he holds these as trustee for the buyer. The vendee's interest was not insured by the [vendor's insurers]; the vendor's was.
361 Pa. at 85, 63 A.2d at 94. The Seller clearly had an interest in the entire property at the time of the fire.
A buyer, as equitable owner, also has an interest in the entire property. At the execution of an agreement of sale, the entire beneficial interest in the property passes to a buyer, Yannopoulous, 243 Pa.Super. at 458, 365 A.2d at 1314, and a buyer can insure the full value of the property. This is consistent with the common law rule placing the risk of loss on a buyer. Thus, Buyer and Seller both had an interest in the entire property at the time of the fire.
There is precedent in this jurisdiction for court ordered proration under similar circumstances. In Insurance Company of North America v. Alberstadt, supra, the buyer purchased a house at a sheriff's sale and immediately insured his interest against fire loss. There was no agreement of sale in this case allocating risk of loss, but the involuntary seller also maintained a fire insurance policy on the premises. Prior to transfer of the deed, the property was damaged by fire. The issue in Alberstadt was whether each insurance company would be required to pay the full *370 value of the loss to the buyer, or only its respective pro rata share. The court found that the policies held by both the buyer and seller covered the same subject matter, interest and risk, and held each insurance company liable for its pro rata share. 383 Pa. at 561-62, 119 A.2d at 86.
We conclude that in this case the Buyer and Seller insured the same interest, subject matter and risk. Thus, the trial judge correctly found that the proration clauses in the insurance policies should apply.
Goschenhoppen offers two cases from the Third Circuit Court of Appeals construing Pennsylvania law in support of the position that there is no identity of interests. Reliance Insurance Co. v. Allstate Indemnity Company, 514 F.Supp. 486 (E.D.Pa. 1981), aff'd., 681 F.2d 808 (3d Cir. 1982); Vogel v. Northern Assurance Company, 219 F.2d 409 (3d Cir. 1955). Both cases hold that a buyer and seller of real estate insure different interests and, therefore, when both insure the property between execution of the agreement of sale and closing there is no double coverage. We decline to follow these cases for three reasons. First, a federal court's interpretation of Pennsylvania law is not binding on this court. Commonwealth v. Lacey, 344 Pa.Super. 576, 582, 496 A.2d 1256, 1260 (1985). Second, it is our view that the Third Circuit may have erred in finding that the buyer and seller insured different interests in the property subject to an agreement of sale. Neither case follows the teaching of Dubin Paper, that the buyer and the seller have the same interest in the property after execution of the agreement of sale and prior to settlement. Third, there are factual differences in these cases which may have dictated the results. In both Reliance and Vogel the seller purchased insurance on the property after the execution of the agreement of sale. Reliance, 514 F.Supp. at 487; Vogel, 219 F.2d at 411. In the case sub judice, the Seller purchased the insurance policy three years prior to the agreement of sale when the Seller possessed both legal and equitable title to the property. The policy insured the full *371 value of the property, and was simply continued by the Seller after the execution of the agreement of sale.
Goschenhoppen next argues that Mutual Benefit is not entitled to prorate the loss because the agreement of sale expressly places the risk of loss on the Seller, making Mutual Benefit liable for the entire settlement. Again, we disagree. The agreement of sale relieved the Buyer of the responsibility to insure the property until transfer of title, but the Buyer nevertheless insured the property. At the time of the fire, two insurance policies existed covering the same subject matter and interest against the same risk of loss. The terms of the agreement of sale do not alter this fact. The agreement of sale defines the rights of the Buyer and Seller as against each other; it does not change the rights of the Seller's insurer as against the Buyer's insurer. See Dubin Paper, 361 Pa. at 92, 63 A.2d at 97. We therefore find that the agreement of sale does not override proration in this case.
We find that the trial court correctly applied the law to the undisputed facts in this case, and affirm the grant of summary judgment.