## State Farm Fire and Casualty Co. v. Maryland Casualty Co.

*Thomas E. Leipold,* for plaintiff.
*John E. Person III,* for defendant.

BROWN, *J.,* January 22, 1991—

## OPINION AND ORDER

Plaintiff and defendant had issued fire insurance policies to a seller and buyer respectively, parties to an agreement of sale of certain real estate. That agreement provided, as is relevant to the instant proceeding, as follows:

"Seller shall bear the risk of loss from fire or other casualties until time of settlement. In the event of damage to any property included in this sale by fire or other casualties, not repaired or replaced prior to settlement, buyer shall have the option of rescinding this agreement and receiving all monies paid on account or of accepting the property in its then condition together with the proceeds of any insurance recovery obtainable by seller. Buyer is hereby notified that he may insure his equitable interest in this property as of the time of the acceptance of this agreement."[1]

Subsequent to the execution of the agreement of sale, but prior to settlement, the property was extensively damaged by fire. Buyer then elected to rescind the agreement in accordance with the above-quoted provision. Plaintiff issued a loss payment to seller covering the entire loss, but then filed the

---

1. Buyer did so insure his interest, by purchasing the above-mentioned policy from defendant. Seller, of course, had previously obtained a policy from plaintiff.

instant action against defendant, seeking a pro-rata contribution from defendant for one-half of the amount plaintiff paid to seller. Presently before the court is defendant's preliminary objection in the nature of a demurrer.

Plaintiff claims it is entitled to a pro-rata contribution from defendant based on the following provision in its policy:

"*Other Insurance*—If a loss covered by this policy is also covered by other insurance, we will pay only the proportion of the loss that the limit of liability that applies under this policy bears to the total amount of insurance covering the loss."[2]

Plaintiff contends that the policy issued to buyer by defendant also covered the loss resulting from the fire, thus triggering the above-quoted provision. Defendant's demurrer argues that although initially the policy issued by defendant to buyer did cover the same risk of loss, buyer's rescission had the effect of retroactively canceling that coverage.

Initially, we note that the Superior Court has recently addressed the applicability of proration provisions such as we have here in circumstances nearly identical to those of the instant case, except for the rescission. In *Mutual Benefit Insurance Co. v. Goschenhoppen Mutual Insurance Co.,* 392 Pa. Super. 363, 572 A.2d 1275 (1990), the parties insured a seller and buyer respectively, under policies containing proration provisions, and the property was damaged by fire subsequent to the execution of the agreement of sale but prior to settlement. After analyzing the relevant property law concepts, the court held that the buyer and seller had insured the same interest, subject matter and risk and that the

2. This provision was included in plaintiff's fire insurance policy pursuant to the requirements of 40 P.S. §636, and defendant's policy similarly contained such a provision.

proration clauses therefore applied; the seller's insurer was thus entitled to contribution from the buyer's insurer.

In the instant case, had the buyer elected to follow through on the agreement of sale. *Mutual Benefit* would clearly entitle plaintiff to contribution from defendant and defendant so concedes. Defendant argues, however, that because the buyer elected to rescind the agreement of sale, and given the retroactive effect of a rescission, the buyer effectively had no interest to insure and thus there was no "other insurance" covering the loss.

In *Metropolitan Property and Liability Insurance Co. v. Pennsylvania Insurance Commissioner*, 97 Pa. Commw. 219, 223, 509 A.2d 1346, 1348 (1986), the court stated:

"A rescission amounts to the unmaking of a contract and is not merely a termination of the rights and obligations of the parties towards each other, but is an abrogation of all rights and responsibilities of the parties towards each other from the inception of the contract. It is a form of retroactive relief." (emphasis added)

Thus, in the instant case, once the buyer elected to rescind the agreement, it was as if such agreement had never been executed and, consequently, as if the buyer had never had an interest in the property to insure.

Plaintiff argues nevertheless that although the rescission might have retroactively terminated the rights and responsibilities of the seller and buyer, it could not have so affected the statutory right of plaintiff to contribution from defendant. The statute requires a company's policy to include the following provision:

"*Pro rata liability*—This company shall not be liable for a greater proportion of any loss than the

amount hereby insured shall bear to the whole insurance covering the property against the peril involved, whether collectible or not." 40 Pa.C.S. §636. (emphasis added) As this statutory provision contains no language which could be construed as overriding the law of rescission. Plaintiff's argument is without merit.

Further, consider the following set of facts: after executing an agreement of sale, which is conditioned upon the buyer obtaining financing, the buyer purchases fire insurance, even though the risk of loss was placed on the seller until settlement. The buyer fails to obtain the financing and the agreement is canceled for failure of the condition; the buyer's earnest money is returned. The parties are now returned to the situation in which they found themselves prior to executing the agreement of sale. A fire then damages the property. May the seller's insurer seek contribution from the buyer's insurer? Clearly no. Since a rescission also places the parties in the situation in which they found themselves prior to executing the agreement of sale, the same reasoning should apply.

Accordingly, plaintiff is not entitled to contribution from defendant and the preliminary objection must be sustained.[3]

-----

3. Plaintiff has also argued in its brief that the fact that the buyer had moved some personal property into their house, which property was damaged by the fire, and that defendant paid the buyer on account of this loss, shows that the buyer had an interest separate from the agreement of sale, which interest was not affected by the rescission. While this may be true, it is also true that whatever interest the buyer had in insuring his personal property, it was not an interest in the subject real estate and thus not the same interest as was covered by the seller's insurance.

## ORDER

And now, January 22, 1991, defendant's preliminary objections are hereby sustained, and plaintiff's complaint is dismissed.