**Everett Cash Mutual Insurance Co. v. General Accident Insurance Co. of America**

C.P. of Cumberland County, no. 95-0075 Civil Term.

*William A. Addams,* for plaintiff.
*Donald B. Hoyt* and *David R. Campbell,* for defendant.

OLER, *J.,* March 5, 1996—This case presents the issue of whether an insurer on a builder's risk policy is liable for contribution to an insurer on a homeowners policy, where the latter has paid a claim arising out of damage to the home during construction. For the reasons stated in this opinion, the court will hold that no such duty of contribution exists.

## STATEMENT OF FACTS

The plaintiff is Everett Cash Mutual Insurance Company, a corporation authorized to write insurance policies in the Commonwealth of Pennsylvania, with its offices and principal place of business at R.D. 1, Everett, Bedford County, Pennsylvania. The defendant is General Accident Insurance Company of America, a corporation authorized to write insurance policies in the Commonwealth of Pennsylvania, with its offices and principal place of business at 100 Corporate Center Drive, Camp Hill, Cumberland County, Pennsylvania.

The plaintiff issued a homeowners insurance policy to Dr. Thomas Degling and Donna Degling, which insured the home the Deglings were having constructed

at 121 West Harmon Drive, Carlisle, Cumberland County, Pennsylvania. The defendant issued a builder's risk policy to Warner Homes Inc., which insured the builder's interest in the home being built for the Deglings.[1]

On or about February 11, 1994, the Deglings' home was damaged by the weight of snow and ice. The Deglings submitted a claim to plaintiff for this loss, which resulted in plaintiff's payment to the Deglings of $79,662.15, less the Deglings' $250 deductible.

On January 6, 1995, plaintiff, the homeowners' insurance company, filed a complaint against defendant, the builder's insurance company, seeking contribution in the amount of $39,831.07, alleging that "the priority of coverage under both policies was equal and both the plaintiff and defendant were jointly and severally liable for the entire loss."[2] On February 2, 1995, defendant filed an answer with new matter. On February 9, 1995, plaintiff filed a reply to defendant's new matter.

On December 14, 1995, defendant filed a motion for summary judgment. In the motion, defendant contended that, for an insurer to be entitled to contribution from another insurer, the policies in question must have insured the same property, the same interest and the same risk; that in the case at bar the insurance policies, issued to different parties in the aforesaid different capacities, did not insure the same interest; and that plaintiff had, therefore, failed to state a cause of action against defendant.

---

1. The insurance policies in question are contained in the record by virtue of a stipulation of the parties filed March 1, 1996.

2. Plaintiff's complaint, paragraph 7.

Defendant's motion for summary judgment has been referred to the undersigned judge for disposition.[3]

## DISCUSSION

Pennsylvania Rule of Civil Procedure 1035(b) provides that summary judgment "shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." In this regard, "[t]he moving party has the burden of proving the nonexistence of any genuine issue of fact." *Thompson Coal Co. v. Pike Coal Co.,* 488 Pa. 198, 204, 412 A.2d 466, 468-69 (1979). "A fact is 'material' if its determination could affect the outcome of the case, and a dispute concerning a material fact is 'genuine' where the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Barlow v. Greenridge Oil Co.,* 744 F. Supp. 108, 110 (W.D. Pa. 1990), citing *Anderson v. Liberty Lobby Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

Additionally, "[t]he record must be examined in the light most favorable to the nonmoving party." *Schacter v. Albert,* 212 Pa. Super. 58, 62, 239 A.2d 841, 843 (1968). "All doubts as to the existence of a genuine issue of a material fact must be resolved against the moving party." *Thompson Coal Co. v. Pike Coal Co., supra* at 204, 412 A.2d at 469.

In insurance law, it has been said that

"[c]ontribution is a principle sanctioned in equity, and arises between co-insurers only, permitting one who has paid the whole loss to obtain reimbursement from

---

3. See order of court, December 27, 1995.

the other insurers who are also liable therefor. . . . In this respect, the companies have been described as sureties for each other." 6 Appleman, Insurance Law and Practice §3902, at 422 (1972).

"[F]or an insurer to be entitled to contribution from another insurer, the policies in question must insure the same property, the same interest, and the same risk." *Mission National Insurance Co. v. Hartford Fire Insurance Co.,* 702 F. Supp. 543, 545 (E.D. Pa. 1989) (applying Ohio law).

In *Mission,* the federal court held that an owner's insurance company was not entitled to contribution from a builder's insurance company with respect to payment on a loss arising out of a fire that destroyed a construction project. *Id.* The all-risk owner's policy and the builder's risk policy "clearly cover[ed] different insureds and clearly protect[ed] two different insurable interests," the court stated. *Id.*[4]

The holding of *Mission* that no duty of contribution exists between insurers on homeowners' policies and insurers on builders' policies seems to be in accord with that of other courts which have considered the issue. See 6 Appleman, Insurance Law and Practice §3910, at 470-71 (1972).

No cases have been found by this court which equate the insured interests of homeowners and builders for purposes of contribution. The court is of the view that if a departure from what is apparently the general rule

---

4. The fact that insurance policies are issued to different insureds is not automatically dispositive of the question of whether they insure different interests. See *e.g., Mutual Benefit Insurance Co. v. Goschenhoppen Mutual Insurance Co.,* 392 Pa. Super. 363, 572 A.2d 1275 (1990) (fire insurance policies of vendor and vendee held to insure same interest).

in this area of insurance law is to be made by Pennsylvania it would be more appropriately effected by an appellate court.

The following order will therefore be entered:

## ORDER OF COURT

And now, March 5, 1996, after careful consideration of defendant's motion for summary judgment, as well as the briefs and oral arguments presented in the matter, and for the reasons stated in the accompanying opinion, the motion is granted.